# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 13-643V

| | | |
|---|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |
| | \* | Filed: January 21, 2016 |
| BARRY S. DEZERN, | \* | |
| | \* | |
| Petitioner, | \* | |
| | \* | Decision by Stipulation; Damages; |
| v. | \* | Influenza ("Flu") Vaccine; |
| | \* | Guillain–Barré Syndrome ("GBS"); Chronic |
| SECRETARY OF HEALTH | \* | Demyelinating Polyneuropathy ("CIDP"). |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |
| | \* | |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | | |

*Franklin J. Caldwell, Jr.*, Maglio, Christopher & Toale, Sarasota, FL, for Petitioner.

*Claudia B. Gangi*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### **DECISION AWARDING DAMAGES**[1]

On September 4, 2013, Barry S. Dezern filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] Petitioner alleges that he developed Guillain–Barré syndrome ("GBS") and/or Chronic Demyelinating Polyneuropathy ("CIDP") as a result of his November 2, 2010, receipt of the influenza ("flu") vaccine.

Respondent denies the flu vaccine caused Petitioner to suffer from GBS and/or CIDP, any other injury, or his current condition. Nonetheless both parties, while maintaining their above-stated positions, agreed in a stipulation (filed on January 21, 2016) that the issues before them could be settled, and that a decision should be entered awarding Petitioner compensation.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (Dec. 17, 2002) (current version at 44 U.S.C. § 3501 (2014)). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the published decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id*.

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. § 300aa-10 through 34 (2012)).

I have reviewed the file, and based upon that review, I conclude that the parties' stipulation (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The stipulation awards:

- A lump sum of $46,883.33 in the form of a check payable to Petitioner and The North Carolina Division of Medical Assistance, Office of the Controller, 2022 Mail Service Center, Raleigh, NC 27699-2022. Petitioner agrees to endorse this payment to the State of Carolina. This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of North Carolina may have against any individual as a result of any Medicaid payments the State of North Carolina has made to or on behalf of Barry S. Dezern from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about December 4, 2010, under Title XIX of the Social Security Act; and

- A lump sum of $140,000.00 in the form of a check payable to Petitioner. This amounts represents compensation for all damages that would be available under Section 15(a) of the Act.

Stipulation ¶ 8.

I approve a Vaccine Program award in the requested amounts set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| BARRY S. DEZERN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 13-643V |
| v. ) | Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

STIPULATION

The parties hereby stipulate to the following matters:

1. Barry S. Dezern, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu immunization on November 22, 2010.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused his alleged Guillain-Barre Syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP").

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner's alleged GBS and/or CIDP, any other injury, or his current disabilities.

1

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

   a. A lump sum of $46,883.33 in the form of a check payable to petitioner and The North Carolina Division of Medical Assistance, Office of the Controller, 2022 Mail Service Center, Raleigh, NC 27699-2022. Petitioner agrees to endorse this payment to the State of Carolina. This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of North Carolina may have against any individual as a result of any Medicaid payments the State of North Carolina has made to or on behalf of Barry S. Dezern from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about December 4, 2010, under Title XIX of the Social Security Act; and

   b. A lump sum of $140,000.00 in the form of a check payable to petitioner. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or

State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payment described in paragraph 8 and any amount awarded pursuant to paragraph 9, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on November 22, 2010, as alleged by petitioner in a petition for vaccine compensation filed on or about September 4, 2013, in the United States Court of Federal Claims as petition No. 13-643V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflects a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that flu vaccine caused petitioner's alleged GBS and/or CIDP, any other injury, or his current disabilities.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/

/

/

4

Respectfully submitted,

PETITIONER:

_____
BARRY S. DEZERN

ATTORNEY OF RECORD FOR
PETITIONER:

_____
F. JOHN CALDWELL, JR.
MAGLIO CHRISTOPHER &
TOALE, PA
1605 Main Street, Suite 710
Sarasota, FL 34236
(888) 952-5242

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_____
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_____
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_____
CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138

Dated: 1-21-16

5